*456 Jasen, J. (dissenting).
I would sustain the search and seizure in the instant case as incident to a lawful arrest and, accordingly, affirm the order of the Appellate Term.
Involved is an unquestionably lawful custodial arrest for operation of a motor vehicle with an illegally changed serial number. The offense, albeit arising under the Vehicle and Traffic Law (§ 422), is not a mere traffic infraction, but a misdemeanor. The incidental search in this case is, thus, readily distinguishable from that in People v. Marsh (20 N Y 2d 98), where this court condemned a search incident to an arrest for failure to answer a speeding summons — an infraction. In Marsh, the court noted that “ the Legislature never intended to authorize a search of a traffic offender unless, when the vehicle is stopped, there are reasonable grounds for suspecting that the officer is in danger or there is probable cause for believing that the offender is guilty of a crime rather than merely a simple traffic infraction. ’ ’ (People v. Marsh, at p. 101 [emphasis added].) Hence, even under Marsh there was a right to search the defendant because there was 6 ‘ probable cause for believing that the offender [the defendant] * # * [was] guilty of a crime rather than merely a simple traffic infraction.”
In contrast to Marsh, the crime in this case was not minor. It came to light in a traffic situation, but was not a traffic matter. Granted, in the usual traffic offense there are no fruits or instrumentalities justifying an evidentiary search. But this was not a truly routine traffic offense — such as running a stop sign or exceeding the speed limit—which any at sometime may commit. Involved is an illegally changed serial number, primary and strong evidence that the vehicle had been stolen. There was at least a reasonable probability that a search of the vehicle would produce evidence of prior ownership or that it was stolen.[1]
Under the circumstances, a custodial arrest was called for. Indeed, the officer would have been remiss if he had failed to take the defendant into custody. The hour was late, the offense involved serious enough in its own right and indicative of an even more serious offense. For his own safety, the officer was justified in making a protective search for weapons before tak *457 ing the defendant into custody. In this regard we cannot be unmindful of the large number of police injuries which have accompanied ostensibly routine automobile stops.[2]
In sum, whatever reasons there may be for a rule that bars searches incident to minor traffic arrests (see United States v. Robinson, 471 F. 2d 1082, 1112, 1116 [Wilkey, J., dissenting] [D. C. Cir.], cert. granted 410 U. S. 982), I find them inapplicable in the context of this case. (See United States v. Simmons, 302 A. 2d 728 [D. C. C. A.].) Although we should not condone a search of an arrestee irrespective of the offense which gives rise to the arrest, this search was reasonable in its inception and unreasonable in its scope. The deterrent purposes of the exclusionary rule are not well served by condemning it as constitutionally unreasonable. The contraband seized should be admissible into evidence against the defendant.
Accordingly, I would affirm the order of the Appellate Term.
Chief Judge Fuld and Judges Burke, Jones and Wachtler concur with Judge Gabrielli; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Beeitel concurs.
Order reversed, etc.

. It should also he noted that, under specified circumstances, subdivision 2 of section 423 of the Vehicle and Traffic Law mandates the seizure of vehicles with illegally changed serial numbers.

. As the Supreme Court recently noted, in 1971, 125 policemen were murdered, all but five by gunfire. And according to one study, 30% of police shootings occurred when a police officer approached a suspect seated in an automobile. (See Adams v. Williams, 407 U. S. 143, 148, n. 3.)